UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PABLO HOLGUIN,<br><br>    Plaintiff,<br><br>v.<br><br>J. QUALLS,<br><br>    Defendant. | Case No.: 1:17-cv-00376-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>[ECF No. 14] |

    Plaintiff Pablo Holguin is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

    Currently before the Court is Plaintiff's first amended complaint, filed on June 22, 2017, in response to the Court's June 5, 2017, screening order dismissing the original complaint with leave to amend.

**I.**

**SCREENING REQUIREMENT**

    The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## FIRST AMENDED COMPLAINT ALLEGATIONS

Plaintiff names correctional officer J. Qualls as the sole Defendant in the first amended complaint. The events at issue in the complaint took place at Avenal State Prison.

On December 5, 2013, at 2:40 p.m., Qualls was distributing prisoner incoming mail, and was presented with an envelope addressed to Plaintiff. While handling the envelope, Qualls's attention was directed to the stamp, which at close inspection revealed contraband consisting of black tar. At no time did Plaintiff take physical possession of the envelope, or have personal knowledge of the specific envelope and letter. Plaintiff also did not know the female who allegedly sent the letter, Ms. Ramirez.

On this same date, Qualls conducted a careful and extensive search of Plaintiff's locker and living area with negative results for drug paraphernalia. However, Qualls discovered other letter envelopes that had the stamps removed.

Qualls questioned Plaintiff about the letters found without stamps, and Plaintiff informed him that inmate Torres was collecting stamps. Qualls also took five photographs, three of the contraband found, and two of Plaintiff's right arm depicting a rose tattoo with scar tissue in its midst (old needle marks).

Qualls subsequently drafted a rules violation report, No. FB-14-01-006 charging Plaintiff with introduction of a controlled substance. Qualls failed to provide the senior hearing officer with the photographs of Plaintiff's inner-right arm and information regarding inmate Torres' stamp collection.

Plaintiff contends Qualls was fully aware that the contraband found in the stamp of the envelope failed to meet the requirements for possession or constructive possession of the letter. Qualls issued the false rules violation report to deprive Plaintiff of certain privileges.

## III.

## DISCUSSION

### A.  Due Process Violation-Fourteenth Amendment

The requirements of due process are flexible and the procedural protections required are as the particular situation demands. Wilkinson, 545 U.S. at 224. Inmates are entitled to certain due process considerations when subject to disciplinary sanctions. Brown, 751 F.3d at 987. If the inmate is subjected to a significantly sufficient hardship, "then the court must determine whether the procedures used to deprive that liberty satisfied Due Process." Ramirez, 334 F.3d at 860.

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). With respect to prison disciplinary proceedings, the minimum procedural requirements that must be met are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. Wolff, 418 U.S. at 563-71. In addition "[s]ome evidence" must support the decision of the hearing officer.

Superintendent v. Hill, 472 U.S. 445, 455 (1985). The standard is not particularly stringent and the relevant inquiry is whether "there is *any* evidence in the record that could support the conclusion reached . . . ." Id. at 455-56 (emphasis added).

Plaintiff's due process claim against Defendant Qualls is premised solely on the fact that the rules violation report was false, and that the violation did not adequately pled the necessary elements for constructive possession of a controlled substance. Plaintiff is advised that the issuance of a false rules violation report or false crime report does not, in and of itself, support a claim under section 1983. In addition, the due process clause does not require that a rules violation report satisfy some kind of pleading standard under state regulations. See, e.g., Ellis v. Foulk, No. 14-cv-0802 AC P, 2014 WL 4676530, at *2 (E.D. Cal. Sept. 18, 2014) ("Plaintiff's protection from the arbitrary action of prison officials lies in 'the procedural due process requirements as set forth in Wolff v. McDonnell.'") (citing Hanrahan v. Lane, 747 F.2d 1137, 1140 (7th Cir. 1984)); Solomon v. Meyer, No. 11-cv-02827-JST (PR), 2014 WL 294576, at *2 (N.D. Cal. Jan. 27, 2014) ("[T]here is no constitutionally protected right to be free from false disciplinary charges.") (citing Chavira v. Rankin, No. C 11-5730 CW (PR), 2012 WL 5914913, at *1 (N.D. Cal. Nov. 26, 2012) ("The Constitution demands due process, not error-free decision-making.")); Johnson v. Felker, No. 1:12-cv-02719 GEB KJN (PC), 2013 WL 6243280, at *6 (E.D. Cal. Dec. 3, 2013) ("Prisoners have no constitutionally guaranteed right to be free from false accusations of misconduct, so the mere falsification of a [rules violation] report does not give rise to a claim under section 1983.") (citing Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989) and Freeman v. Rideout, 808 F.2d 949, 951-53 (2d. Cir. 1986)).

Furthermore, at the rules violation hearing, Plaintiff pled not guilty stating, "I had nothing to do with it." (1st Amd. Compl. at 16, ECF No. 14.)[1] The hearing officer questioned Plaintiff and asked why the stamps were removed from the letters found in his locker, to which Plaintiff responded "[t]here is a guy in the H.U. #220, that collects stamps. Inmate Torres, K-91531." (Id.) Plaintiff further told the hearing officer that the puncture wound on his right arm was "old track marks." (Id.)

---

[1] References herein to page numbers are to the Court's ECF pagination headers.

4

1 Accordingly, Plaintiff fails to state a cognizable due process claim based on his allegations that false reports were written against him, and the complaint must be dismissed.[2]

Plaintiff was previously notified of the applicable legal standards and the deficiencies in his pleading, and despite guidance from the Court, Plaintiff's first amended complaint is largely identical to the original complaint. Based upon the allegations in Plaintiff's original and first amended complaint, the Court is persuaded that Plaintiff is unable to allege any additional facts that would support a claim for cruel and unusual punishment in violation of the Eighth Amendment, and further amendment would be futile. See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may not deny leave to amend when amendment would be futile.") Based on the nature of the deficiencies at issue, the Court finds that further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th. Cir. 2000); Noll v. Carlson, 809 F.2d 1446-1449 (9th Cir. 1987).

## IV.

## RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. The complaint be dismissed for failure to state a cognizable claim for relief; and

2. The Clerk of Court be directed to terminate this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may

///
///
///

---

[2] The Court notes that Plaintiff is proceeding in a separate action against the hearing officer R. Wicks based on an alleged due process violation for denying Plaintiff the right to call a witness. See Holguin v. Wicks, E.D. Cal. No. 1:16-cv-00346 DAD BAM (PC).

5

result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **October 10, 2017**

                                      UNITED STATES MAGISTRATE JUDGE